IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Mustafa Hussein, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No.  4:14-cv-1410 ) |
| County of Saint Louis, Missouri, | ) ) ) |
| City of Ferguson, Missouri, and | ) ) ) |
| Ronald K. Replogle, in his official capacity as Superintendent of the Missouri Highway Patrol, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. This is civil rights action filed by Mustafa Hussein, an individual who has recorded the interactions of the police and demonstrators on public streets and sidewalks within the City of Ferguson and who would like to do so in the future. He brings suit pursuant to 42 U.S.C. § 1983 to challenge intimidating demands and direct orders (made by Defendants, their officers or agents, or those working in concert with them) that members of the public and media stop recording interactions between the police and the public in Ferguson, Missouri.

2. There are a large number of demonstrators who have taken to the public streets and sidewalks of Ferguson, Missouri, to express their opinions about how local law enforcement officials conduct themselves. Defendants have responded by enforcing policies that result in the confrontation of peaceful protestors with a highly militarized police force. There is great public interest in Defendants' response, and Plaintiff went to Ferguson on Wednesday, August 13,

1

2014, to observe and record what was happening so that it could be shared with the world. Plaintiff's recording is available for viewing at:

http://www.slate.com/blogs/the_slatest/2014/08/13/scenes_from_ferguson_missouri_on_wednesday_night.html.

3. Plaintiff asks this court to enjoin the police policy of demanding and ordering members of the media and public to stop recording the police acting in their official duty on public streets and sidewalks, declare that the police policy on its face and as-applied violates Plaintiff's constitutional rights, and award nominal damages.

## *JURISDICTION AND VENUE*

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's civil action arising under the Constitution of the United States.

5. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

6. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of Saint Louis, Missouri. 28 U.S.C. § 1391(b)(2).

7. Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in the County of Saint Louis and Defendants County of St. Louis and City of Ferguson are located in the County of Saint Louis, Missouri. E.D. MO. L.R. 2.07(A)(3), (B)(1).

## *PARTIES*

8. Plaintiff, Mustafa Hussein, resides in Missouri.

9. Defendant County of Saint Louis, Missouri, is a political subdivision of the State of Missouri and is participating in and directing law enforcement officers' confrontation of demonstrators and protestors in Ferguson.

10. Defendant City of Ferguson, Missouri, is a political subdivision of the State of Missouri and is participating in and directing law enforcement officers' confrontation of demonstrators and protestors in Ferguson.

11. Defendant Ronald K. Replogle is sued in his official capacity as Superintendent of the Missouri State Highway Patrol. The Missouri State Highway Patrol is an agency of the State of Missouri and is participating in and directing law enforcement officers' confrontation of demonstrators and protestors in Ferguson.

12. All actions by Defendants, their officers, employees, or agents, described herein are taken under color of state law.

## *FACTS*

13. On August 9, 2014, a police officer of the City of Ferguson's police department shot and killed Michael Brown, who was unarmed.

14. Many members of the community have responded with anger at the police.

15. As a result, there have been frequent demonstrations on the public streets and sidewalks of Ferguson.

16. At these demonstrations, protestors are voicing their opinions about such issues of public concern as the relationship between police and the community; the frequency with which police officers shoot unarmed black men; and the militarization of local police forces.

17. Defendants' response to the demonstrations has been controversial, including using force, ordering peaceful protestors to disband and evacuate the streets and sidewalks, and ordering protestors and observers to stop documenting and videotaping the demonstrations.

18. There is widespread interest in Defendants' tactics, which raise questions about whether a military response to the protest is consistent with the values of the United States.

19. In order to document what is occurring on the streets and sidewalks of Ferguson, Plaintiff went to Ferguson on Wednesday, August 13, 2014, to document and record what he could see and hear and to share it with the world.

20. Over a speaker, police officials implementing Defendants' policy ordered everyone on the street to stop recording.

21. Upon hearing the order, Plaintiff was required to choose between surrendering his First Amendment right to record the action unfolding on the street before him or risking arrest or serious bodily injury inflicted by law enforcement officials if he continued recording and exercising his First Amendment rights.

22. Plaintiff chose to continue recording, putting his liberty and physical safety at serious risk.

23. Plaintiff is aware that, in recent days, other journalists have been arrested while engaging in no unlawful activity, have been fired upon by police with teargas, and their recording equipment has been taken by police.

24. Plaintiff is aware that, in recent days in Ferguson, other members of the public and media have been ordered by law enforcement officials to stop recording.

25. Plaintiff would like to peacefully observe and record the interactions between the community and law enforcement officials in the future; however, to do so he must risk the infliction of serious physical harm and the loss of his property by law enforcement or arrest.

## COUNT I
### Violation of First and Fourteenth Amendments to the United States Constitution

21. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if set forth here verbatim.

22. Defendants' policies and actions described herein chill reasonable persons from engaging in activity that is protected by the First Amendment.

23. Defendants have deprived, and continue to deprive, Plaintiff of his rights under the First Amendment to the United States Constitution, which are incorporated through the Fourteenth Amendment. Defendants' policy of ordering members of the media and public not to record on the public streets and sidewalks of Ferguson is the cause-in-fact of the constitutional violations.

24. Upon information and belief, unless restrained by this court, Defendants will continue to enforce their policy of ordering members of the media and public to not document and record their actions.

WHEREFORE, Plaintiff respectfully requests the following relief:

 A. Upon proper motion, issue a temporary restraining order and preliminary injunction prohibiting Defendants, their officers, employees, or agents, and those acting on their behalf or in concert with them from continuing the policy of ordering members of the media or the public to not record on the streets and sidewalks of Ferguson;

B. Enter declaratory judgment, pursuant to 42 U.S.C. § 1983, that Defendants' policy violates the Constitution;

C. Enter a permanent injunction prohibiting Defendants, their officers, employees, or agents, and those acting on their behalf or in concert with them from continuing the policy of ordering members of the media or the public to not document or record on the streets and sidewalks of Ferguson;

D. Award Plaintiff nominal damages;

E. Award Plaintiff costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 or any other applicable law; and

F. Allow to Plaintiff such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES UNION
    OF MISSOURI FOUNDATION
454 Whittier Street
St. Louis, Missouri 63108
Telephone: (314) 652-3114
Facsimile: (314) 652-3112

GILLIAN R. WILCOX, #61278MO
AMERICAN CIVIL LIBERTIES UNION
    OF MISSOURI FOUNDATION
3601 Main Street
Kansas City, Missouri 64111
Telephone: (816) 470-9938
Facsimile: (314) 652-3112

**ATTORNEYS FOR PLAINTIFF**