# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

Mustafa Hussein,      )

            )

       Plaintiff,      )      No. 4:14-CV-1410 JAR

            )

v.                 )

            )

County of St. Louis, Missouri, et al.,      )

            )

       Defendants.      )

## CITY OF FERGUSON'S RESPONSE TO
## APRIL 27, 2015 MEMORANDUM AND ORDER

Comes Now Defendant City of Ferguson, Missouri, and for its Response to the Court's

April 27, 2015 Memorandum and Order to Show Cause (Doc 52), states to the Court:

1. The statements made by the City of Ferguson in its prior Response (Doc 43) remain

accurate. Plaintiff's supplemental information does not evidence any contempt of Court or

failure to comply with the Court's Judgment by the City.

2. As shown by the Affidavit of Officer Matthew Miller attached hereto, the arrest and

detention of Scott Kampas did not violate the Court's Judgment. Mr. Kampas was not arrested

for recording the arrest of a protestor. He was arrested for violating police instructions for

everyone in the area to keep out of the street and remain on the sidewalk, because he jumped into

the street and rapidly encroached into the immediate area of an arrest-in-process, which area

Officer Miller was attempting to secure in a highly volatile and hazardous situation. See also

attached certified copies of City Code Section 29-94(11)(disorderly conduct includes failure to

clear public street as directed by police officer), Complaint of violation of 29-94 against Mr.

Kampas, and Bond/Summons issued to Mr. Kampas. In his affidavit Officer Miller confirms that he has been trained to respect the rights in question, that he works hard to do so, and that he did not arrest Mr. Kampas for videotaping. Officer Miller also confirms that numerous other people were recording the events, and none of them were arrested.

3. The materials submitted by Plaintiff confirm the facts stated in Officer Miller's Affidavit. First, the declarations and videos submitted by Allen Singleton (aka Darnell Singleton in Plaintiff's materials), Jennifer McCoy and Keith Rose all confirm that they and many others were allowed to record the same events without being arrested, for extend periods of time before, during and after the arrest of Mr. Kampas. Second, these videos show police officers remaining calm over a lengthy period of time in the face of a constant shower of abuse, striving to protect the demonstrators and vehicle operators from hazards posed by people being in the path of automobile traffic, and working to maintain control of the situation as a few people refused to obey directions to keep out of the street and hold their demonstrations on the sidewalk. Third, these declarations and videos confirm that Mr. Kampas committed the violation for which he was arrested. In his own declaration, Mr. Kampas admits that he was aware of police orders to get out of the street (para. 11) and that he violated those orders and moved into the street within a few feet of an arrest-in-process (para. 18, 20, 22). See also McCoy Declaration para. 16.

4. Regarding Mr. Kampas' camera, Officer Miller testifies that it was initially retained as potentially containing video evidence of the violation (which it does), and Mr. Kampas concedes it was returned to him with video footage intact. (Kampas Declaration para. 27).

5. There is no evidence of police activity to interfere with demonstrators or those that record their demonstrations. Instead, all the evidence shows the Mr. Kampas violated the law.

6.  The Court's Judgment does not grant anyone the right to interfere with police operations or otherwise break the law. Officer Miller arrested Mr. Kampas based on a good faith judgment made in a volatile situation that Mr. Kampas was breaking the law, not because he was videotaping. The merits of the charges presented against Mr. Kampas should be addressed in due course in separate municipal court proceedings.

7.  The evidence shows that the City has substantially complied with the Court's prior Order and has also made "a reasonable and diligent effort to comply." See Ohr v. Latino Express, Inc., 776 F3d 469, 474 (7th Cir. 2015); Gucci America, Inc. v. Bank of China, 768 F3d 122, 142 (2d Cir. 2014); see also Little Rock School District v. Pulaski County Special School District, 839 F2d 1296, 1312 (8th Cir. 1988).

8.  The City should not be held in contempt for the good faith efforts of its police department to preserve safety and order in the streets.

WHEREFORE, the City of Ferguson prays the Court not to hold it in contempt.


CURTIS, HEINZ, GARRETT & O'KEEFE, P.C.


CARL J. LUMLEY, #32869MO
STEPHANIE E. KARR, #39593MO
130 South Bemiston, Suite 200
Clayton, Missouri 63105
314-725-8788
314-725-8789 (fax)
clumley@chgolaw.net

Attorneys for Defendant City of Ferguson, Missouri

## CERTIFICATE OF SERVICE

     The undersigned certifies that on _6_ day of May 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record in this matter. I further certify that a copy of this filing was sent by United States Mail, postage prepaid, and email to counsel of record that are not registered to use the CM/ECF system.