UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MUSTAFA HUSSEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:14-cv-1410 JAR |
| | ) | |
| COUNTY OF ST. LOUIS, MISSOURI; CITY OF FERGUSON, MISSOURI; AND RONALD K. REPLOGLE, | ) | |
| | ) | |
| Defendants. | ) | |

# *AMENDED RESPONSE OF CITY OF FERGUSON AND OFFICER HARRY DILWORTH TO MOTION FOR SHOW CAUSE ORDER FILED BY PLAINTIFF CACHET CURRIE*

COMES NOW the City of Ferguson and Ferguson Police Officer Harry Dilworth, by and through their attorneys, and for their Response to the Motion for Show Cause Order filed by Plaintiff Cachet Curry and states:

1. Plaintiff Cachet Currie has filed a claim for damages under the Civil Rights Act (Cause No. 4:15-CV-01596 JCH) against Defendants City of Ferguson and Officer Harry Dilworth alleging violation of her rights guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. The events giving rise to Ms. Currie's cause of action occurred on December 10, 2014.

3. On November 21, 2014, in the present cause of action, this Court entered its Order by Consent (doc. 39), wherein,

> IT IS HEREBY ORDERED that Defendant the City of Ferguson, Missouri, its officers, employees, or agents, and those acting on its

> behalf, shall not enforce or threaten to enforce any rule, policy, or practice that grants law enforcement officers the authority or discretion to arrest, threaten to arrest, or interfere with any individual, including any member of the media or member of the public photographing or recording in public places unless that person is threatening the safety of other or physically interfering with the ability of law enforcement to perform their duties.

4. On October 20, 2015, Plaintiff Currie filed a Motion for Show Cause Order with this Court, alleging the events which give rise to her cause of action in Cause No. 4:15-cv-01596 JCH violate the Court's Consent Order of November 21, 2014.

5. In her Motion for Show Cause Order, Ms. Currie requests this Court issue an order to show cause why Harry Dilworth and the City of Ferguson should not be held in contempt of the Court's Novermber 21, 2014 Consent Order.

6. In her Motion for Show Cause Order, Ms. Currie states she has standing to seek enforcement of the Court's Order due to her status as an intended beneficiary and cites to *Floyd v. Ortiz,* 300 F.2d 1223 (10th Cir. 2002).

7. Other cases hold third party beneficiaries lack standing to seek enforcement of consent decrees. *See Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir.1992); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) ("…a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it."). *See also Aiken v. City of Memphis*, 37 F.3d 1155, 1168 (6th Cir. 1994) ("The plain language of Blue Chip indicates that even intended third-party beneficiaries of a consent decree lack standing to enforce its terms").

8. Even if Ms. Currie is an intended third party beneficiary of the Consent Order, she lacks standing to enforce it either directly or collaterally.

9. The 9th Circuit stated "In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit. *See SEC v. Prudential Sec., Inc*., 136 F.3d 153, 159 (D.C.Cir.1998) ("The test is not ... only whether the contracting parties intended to confer a benefit directly on the third parties, but also whether the parties intended the third party to be able to sue to protect that benefit.")" *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002).

10. Even if Ms. Currie can show she is an intended third party beneficiary, she has not demonstrated she has a legally binding and enforceable right to any benefit conferred upon her by this Court's Consent Order.

11. In the alternative, the City of Ferguson and Dilworth move this Court issue a stay of any show cause hearing until the conclusion of Plaintiff Currie's case of C*urrie v. City of Ferguson*, et al., No. 4:15-cv-01596 JCH.

12. Several Rules of Procedure regulate the power of this Court in staying an order. *See* Fed. R. Civ. P. 62 and Fed. R. Civ. P. 60. "…[T]he factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.." *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987)."

13. With repsect to the factor regarding likelihood of success on the merits, the City of Ferguson and Dilworth respectfully request a stay to develop what they anticipate will be

good faith defenses, after they are provided an opportunity for investigation and discovery, to the claims alleged by Plaintiff Currie in *Currie v. City of Ferguson*. For example, Defendant Dilworth may raise a defense of qualified immunity regarding the claims made against him, including that fundamental right was clearly established at the time of the events described in the Complaint for Ms. Currie to refuse to obey the lawful direction of a police officer, and therefore Plaintiff Currie is not entitled to recover from these Defendants. In addition, Defendant Dilworth may raise a defense regarding official immunity from liability to Ms. Currie under the allegations contained in her Complaint as Dilworth exercised his discretion while performing his official duties as a police officer. In addition, Ms. Currie has failed to allege any ministerial, regulatory or statutory duty which any Defendant allegedly breached.

14. The City of Ferguson and Harry Dilworth will be irreparably harmed absent a stay because if this Court decides whether their actions were in violation of the Court's Consent Order, it will necessarily impact the claims and defenses of both parties in *Currie v. City of Ferguson*. While it may be argued it is within this Court's jurisdiction to decide whether there has been a violation of the Consent Order, any decision therein will serve as an adjudication of the claims asserted in *Currie v. City of Ferguson*, causing irreparable harm not only to the City of Ferguson and Harry Dilworth, but potentially to Plaintiff Currie also.

15. Ms. Currie will not be irreparably harmed if a stay is ordered, because she is able to pursue her claims alleging violations of her constitutional rights in *Currie v. City of Ferguson*.

16. Public interest requires that claims be adjudicated fully and if demanded, by jury, not through a civil contempt sanctions which "are considered to be coercive and avoidable through obedience" and therefore "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial no proof beyond a reasonable doubt is required." *International Union, UMWA v. Bagwell,* 114 S.Ct. 2552, 2557 (1994).

WHEREFORE, the City of Ferguson and Officer Harry Dilworth request this Honorable Court deny Ms. Currie's Motion for Show Cause Order or in the alternative, issue a stay of any Show Cause Hearing until the conclusion of the claims asserted by Plaintiff Currie in C*urrie v. City of Ferguson.*

/s/Peter J. Dunne

Peter J. Dunne #31482MO
Robert T. Plunkert #62064MO
Ida S. Shafaie #66220MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson and Officer Harry Dilworth
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 5th day of November, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF.

Anthony E. Rothert
Andrew J. McNulty
Gilliam R. Wilcox
Jessie M.Steffan
454 Whittier Street
St. Louis, Missouri 63108
trothert@aclu-mo.org
andrew.joseph.mcnulty@gmail.com
gwilcox@aclu-mo.org
jsteffan@aclu-mo.org
Attorneys for Plaintiff

Grant R. Doty
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
grant.doty@eeoc.gov
Co-Counsel for Plaintiff

Michael A. Shuman
41 S. Central Ave.
Clayton, Missouri 63105
michael_shuman@stlouisco.com
Attorney for Defendant St. Louis County

Carl J. Lumley
Stephanie Karr
130 South Bemiston, Suite 200
St. Louis, Missouri 63105
clumley@lawfirmemail.com
skarr@lawfirmemail.com
Attorneys for Defendant City of Ferguson

James R. Layton
221 W. High Street
P.O. Box 899
Jefferson City, Missouri 65102
james.layton@ago.mo.gov
Attorney for Defendant Ronald K. Replogle

Robert J. Isaacson
P.O. Box 861
St. Louis, Missouri 63188
robert.isaacson@ago.mo.gov
Co-Counsel for Defendant Ronald K. Replogle

Stephen M. Ryals
Arch City Defenders, Inc.
812 North Collins Alley
St. Louis, Missouri 63102
sryals@archcitydefenders.org
Attorney for Movant Cachet Currie

/s/ Peter J. Dunne