UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUSTAFA HUSSEIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:14-cv-1410 JAR ) |
| COUNTY OF ST. LOUIS, MISSOURI; CITY OF FERGUSON, MISSOURI; AND RONALD K. REPLOGLE, | ) ) ) ) |
| Defendants. | ) ) |

# *RESPONSE OF CITY OF FERGUSON, OFFICER EDDIE BOYD III, OFFICER DUSTIN BURNES, OFFICER HARRY DILWORTH, OFFICER KEVIN HAMMOND, OFFICER JOSHUA MACE AND OFFICER ERIN O'BRIEN TO MOTION FOR SHOW CAUSE ORDER FILED BY CHRISTOPHER PHILLIPS, DEANDRE BLUE, HEATHER DE MIAN, BRIAN LOHMAN, JEROME TOLLIVER, JR., AND EBONY WILLIAMS*

COMES NOW the City of Ferguson, Officer Eddie Boyd III, Officer Dustin Burnes, Officer Harry Dilworth, Officer Kevin Hammond, Officer Joshua Mace, and Officer Erin O'Brien, by and through their attorneys, and for their Response to the Motion for Show Cause Order filed by Christopher Phillips, Deandre Blue, Heather De Mian, Brian Lohman, Jerome Tolliver, Jr., and Ebony Williams and states:

1. Plaintiffs have filed a claim for damages under the Civil Rights Act (Cause No. 4:16-cv-00084) against the Defendants alleging violation of their rights guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. The events giving rise to the Plaintiffs' cause of action occurred on February 9, 2015.

3. On November 21, 2014, in the present cause of action, this Court entered its Order by Consent (Doc. 39), wherein,

> IT IS HEREBY ORDERED that Defendant the City of Ferguson, Missouri, its officers, employees, or agents, and those acting on its behalf, shall not enforce or threaten to enforce any rule, policy, or practice that grants law enforcement officers the authority or discretion to arrest, threaten to arrest, or interfere with any individual, including any member of the media or member of the public photographing or recording in public places unless that person is threatening the safety of others or physically interfering with the ability of law enforcement to perform their duties.

4. On January 22, 2016, Plaintiffs filed a Motion for Show Cause Order with this Court, alleging the events which give rise to their cause of action in Cause No. 4:16-cv-00084 violate the Court's Consent Order of November 21, 2014.

5. In their Motion for Show Cause Order, the Plaintiffs request this Court issue an order to show cause why the Defendants should not be held in contempt of the Court's November 21, 2014 Consent Order.

6. On March 6, 2015, a Motion for Show Cause was filed by Plaintiff Mustafa Hussein (Doc. 41) requesting this Court issue an order to show why the City of Ferguson should not be held in contempt of the Court's November 21, 2014 Consent Order.

7. In that Motion, the Plaintiff Mustafa Hussein references the February 9, 2015 incident as a basis for the Motion for Show Cause.

8. The Plaintiffs in this matter identify the February 9, 2015 in ¶ 123 of their suit, Cause No. 4:16-cv-00084, as a specific reference to the events which form the basis for their Complaint.

9. On April 27, 2015, this Court issued an Order to the City of Ferguson to Show Cause (Doc. 52) and a Response was filed on May 6, 2015 (Doc. 53).

10. Thereafter, the Court did not order a hearing be held, and the City of Ferguson was not held in contempt.

11. In their Motion for Show Cause Order, the Plaintiffs assert they have standing to seek enforcement of the Court's Order due to their status as an intended beneficiary and cite to *Floyd v. Ortiz*, 300 F.2d 1223 (10th Cir. 2002).

12. Other cases hold third party beneficiaries lack standing to seek enforcement of consent decrees. *See Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir.1992); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) ("…a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it."). *See also Aiken v. City of Memphis*, 37 F.3d 1155, 1168 (6th Cir. 1994) ("The plain language of Blue Chip indicates that even intended third-party beneficiaries of a consent decree lack standing to enforce its terms").

13. Even if the Plaintiffs are intended third party beneficiaries of the Consent Order, they lack standing to enforce it either directly or collaterally.

14. The 9th Circuit stated "In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit. *See SEC v. Prudential Sec., Inc.*, 136 F.3d 153, 159 (D.C.Cir.1998) ("The test is not ... only whether the contracting parties intended to confer a benefit directly on the third parties, but also whether the parties intended the third party to be able to sue to protect that benefit.")" *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002).

15. Even if the Plaintiffs can show they are intended third party beneficiaries, they have not demonstrated they have a legally binding and enforceable right to any benefit conferred upon them by this Court's Consent Order.

16. In the alternative, the Defendants move this Court issue a stay of any show cause hearing until the conclusion of the Plaintiffs' case in *Phillips et. al v City of Ferguson et. al*, Cause No. 4:16-cv-00084.

17. Several Rules of Procedure regulate the power of this Court in staying an order. *See* Fed. R. Civ. P. 62 and Fed. R. Civ. P. 60. "…[T]he factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.." *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987)."

18. With respect to the factor regarding likelihood of success on the merits, the Defendants respectfully request a stay to develop what they anticipate will be good faith defenses, after they are provided an opportunity for investigation and discovery, to the claims alleged by the Plaintiffs in *Phillips et. al v City of Ferguson et. al*.

19. The Defendants will be irreparably harmed absent a stay because if this Court decides whether their actions were in violation of the Court's Consent Order, it will necessarily impact the claims and defenses of both parties in *Phillips et. al v City of Ferguson et. al*. While it may be argued it is within this Court's jurisdiction to decide whether there has been a violation of the Consent Order, any decision therein will serve as an adjudication

of the claims asserted in *Phillips et. al v City of Ferguson et. al,* causing irreparable harm not only to the Defendants, but potentially to the Plaintiffs as well.

20. The Plaintiffs will not be irreparably harmed if a stay is ordered, because they are able to pursue their claims alleging violations of their constitutional rights in *Phillips et. al v City of Ferguson et. al.*

21. Public interest requires that claims be adjudicated fully and if demanded, by jury, not through a civil contempt sanctions which "are considered to be coercive and avoidable through obedience" and therefore "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial no proof beyond a reasonable doubt is required." *International Union, UMWA v. Bagwell,* 114 S.Ct. 2552, 2557 (1994).

WHEREFORE, the Defendants request this Honorable Court deny Plaintiffs' Motion for Show Cause Order or in the alternative, issue a stay of any Show Cause Hearing until the conclusion of the claims asserted by the Plaintiffs in *Phillips et. al v City of Ferguson et. al.*

/s/Peter J. Dunne
Peter J. Dunne  #31482MO
Robert T. Plunkert   #62064MO
Ida S. Shafaie #66220MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson and Officer Harry Dilworth
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

5

    I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 29th day of January, 2016 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF.

| | |
|---|---|
| Anthony E. Rothert<br>Andrew J. McNulty<br>Gilliam R. Wilcox<br>Jessie M. Steffan<br>454 Whittier Street<br>St. Louis, Missouri 63108<br>trothert@aclu-mo.org<br>andrew.joseph.mcnulty@gmail.com<br>gwilcox@aclu-mo.org<br>jsteffan@aclu-mo.org<br>Attorneys for Plaintiff | Grant R. Doty<br>1222 Spruce Street, Room 8.100<br>St. Louis, Missouri 63103<br>grant.doty@eeoc.gov<br>Co-Counsel for Plaintiff |
| Michael A. Shuman<br>41 S. Central Ave.<br>Clayton, Missouri 63105<br>michael_shuman@stlouisco.com<br>Attorney for Defendant St. Louis County | Carl J. Lumley<br>Stephanie Karr<br>130 South Bemiston, Suite 200<br>St. Louis, Missouri 63105<br>clumley@lawfirmemail.com<br>skarr@lawfirmemail.com<br>Attorneys for Defendant City of Ferguson |
| James R. Layton<br>221 W. High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>james.layton@ago.mo.gov<br>Attorney for Defendant Ronald K. Replogle | Robert J. Isaacson<br>P.O. Box 861<br>St. Louis, Missouri 63188<br>robert.isaacson@ago.mo.gov<br>Co-Counsel for Defendant Ronald K. Replogle |
| Stephen M. Ryals<br>Thomas B. Harvey<br>Blake A. Strode<br>Edward Hall<br>Arch City Defenders, Inc.<br>812 North Collins Alley<br>St. Louis, Missouri 63102<br>sryals@archcitydefenders.org<br>Attorney for Movants | James R. Wyrsch<br>911 Washington Avenue<br>Suite 211<br>St. Louis, Missouri 63101<br>James.wyrsch@kwslawfirm.com<br>Attorney for Movants |

    /s/ Peter J. Dunne