UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUSTAFA HUSSEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-1410-JAR |
| ) | |
| COUNTY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Joint Motion of Plaintiff and Movants for Evidentiary Hearing (Doc. No. 82), and the Motion for Show Cause Order (Doc. No. 73) filed by purported "non-party beneficiaries" of the Court's Order of November 21, 2014. Responses were filed to both motions, and they are ready for disposition. Both motions will be denied.

Movants, aside from Plaintiff, are third parties to this action. The Eighth Circuit has explained that strangers to a consent decree do not regularly have standing to enforce that consent decree. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 959 (8th Cir. 2002) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)). It has further explained:

> In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit[.]

*Id.* (citation omitted). Further, the Eighth Circuit has emphasized that in interpreting a consent decree, deference is to be given to both the circumstances surrounding the order, and the court that actually entered the consent decree in question. *Id.*

By entering the parties' consent orders (Doc. Nos. 38-40), this Court did not intend to establish an additional forum for individualized third-party grievances and claims that can be asserted, if appropriate, in their own respective lawsuits. The consent decrees were not intended to confer a legally binding and enforceable right upon all parties potentially or hypothetically impacted by the Court's orders.

With regard to the Joint Motion of Plaintiff and Movants for Evidentiary Hearing (Doc. No. 82), there has not been sufficient evidence presented of any continuing pattern or practice of violation of the consent orders to support the need for an evidentiary hearing. Further, in light of the consent decree recently entered in Case No. 4:16-cv-00180-CDP between the City of Ferguson and the Department of Justice, which endeavors to "ensure protection of the constitutional and other legal rights of all members of the community, improve Ferguson's ability to effectively prevent crime, enhance both officer and public safety, and increase public confidence in the Ferguson Police Department" (Case No. 4:16-cv-00180-CDP, Doc. No. 41 at 5), an evidentiary hearing would be unavailing at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion of Plaintiff and Movants for Evidentiary Hearing (Doc. No. 82) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Motion for Show Cause Order (Doc. No. 73) filed by purported "non-party beneficiaries" of the Court's Order of November 21, 2014, is **DENIED** without prejudice.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2016.